

David L. Bissett
United States Bankruptcy Judge

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| ERIC STANLEY YOUNG, | ) | |
| | ) | Case No. 24-bk-00001 |
| Debtor. | ) | Chapter 13 |
| | ) | |
| _____ | ) | |
| | ) | |
| DANIA GRACE SPRINGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No. 26-ap-00010 |
| | ) | |
| ERIC STANLEY YOUNG, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**<u>MEMORANDUM OPINION</u>**

Pending before the Court is a Motion to Dismiss and Motion for Judgment on the Pleadings[1]. On April 3, 2026, Eric Stanley Young (the "Defendant") filed a motion under Fed. R. Civ. P. 12(b)(6), made applicable here by Fed. R. Bankr. P. 7012(b), seeking dismissal of Diana Grace Springer's (the "Plaintiff") Complaint against him. Specifically, the Defendant contends that the Plaintiff's Complaint fails to allege her claim is a non-dischargeable domestic support obligation under 11 U.S.C. § 523(a)(5) and alternatively exempt from discharge under 11 U.S.C. § 523(a)(15). On April 23, 2026, the Plaintiff filed a Response to the Defendant/Debtor's Motion to Dismiss and asked the Court to enter an order for judgment on the pleadings. The Plaintiff

---

[1] Although the Plaintiff did not file a formal motion for judgment on the pleadings, the Plaintiff's Response to Defendant's Motion to Dismiss requests "that the Court enter an order confirming that the Debtor's admission as to the non-dischargeabilty of the $227,000.00 Domestic Support Obligation made that obligation non-dischargeable in his bankruptcy as a matter of law, and grant such other and further relief as this Court deems just or proper." Therefore, the Court construes the Plaintiff's request as a motion for judgment on the pleadings.

1

contends she is entitled to judgment on the pleadings because the Defendant admitted his obligation is non-dischargeable before the Family Court of Berkeley County, West Virginia (the "Family Court").

For the reasons stated herein, the Court will deny the Defendant's Motion to Dismiss and deny the Plaintiff's Motion for Judgment on the Pleadings.

## I.    STANDARDS OF REVIEW

To survive a Fed. R. Civ. P. 12(b)(6) motion, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bonds v. Leavitt*, 629 F.3d 369, 385 (4th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). As the Fourth Circuit has explained, the plausibility standard requires a plaintiff "to articulate facts, when accepted as true, that 'show' that Plaintiff has stated a claim entitling him to relief, i.e., the 'plausibility' of 'entitlement to relief.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557). Finally, when courts evaluate a motion to dismiss, they are to (1) construe the complaint in a light favorable to Plaintiff, (2) take factual allegations as true, and (3) draw all reasonable inferences in favor of Plaintiff. 5C Charles Wright & Arthur Miller, Federal Practice and Procedure § 1357 (3d. ed. 2012) (collecting thousands of cases). The court's role in ruling on a motion to dismiss is not to weigh the evidence, but to analyze the legal feasibility of the complaint. *See Cooper v. Parsky*, 140 F.3d 433, 440 (2d Cir. 1998).

Under Fed. R. Civ. P. 12(c), a party may move for a judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial . . . ." Allowed pleadings are the complaint, an answer to a complaint, an answer to a counterclaim designated as a counterclaim, an answer to a crossclaim, a third-party complaint, an answer to a third-party complaint, and a reply to an answer if the court orders one. Rule 7(a). "[I]f all the pleadings for the claims or defenses to which the motion is addressed have closed, the fact that some pleadings remain for later filing does not preclude a motion for judgment on the pleadings." 2 Moore's Federal Practice – Civil § 12.38 (Matthew Bender 3d Ed.). In reviewing a motion for a judgment on the pleadings, the court "assumes the facts alleged in the [nonmovant's] pleadings to be true, and . . . [d]raws all reasonable inferences therefrom." Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co., 386 F.3d 581, 591 (4th Cir. 2004). Inferences are drawn in favor of the non-moving party. Burbach Broad

Co. v. Elkins Radio Corp., 278 F.3d 401, 406 (4th Cir. 2002). The movant is entitled to judgment on the pleadings only if "the material facts are not in dispute between the parties and a judgment on the merits can be achieved by focusing on the content of the competing pleadings . . . ." 5 C. Wright & A. Miller, Federal Practice and Procedure § 1367 (2016).

## II.      BACKGROUND

On January 25, 2019, in a divorce hearing before the Family Court, Attorney Gregory A. Bailey, the Plaintiff's divorce attorney, referring to the obligation at issue, stated, "I don't know if it's in the agreement, it's -- I think we contemplated it's a domestic support obligation not dischargeable in bankruptcy."  In response, Attorney Christopher Janelle, the Defendant's divorce attorney, stated "I would agree with that, the representation, that as a matter of law it is, -- and if we need to put that in the final order, I will agree to do that."  Attorney Janelle further stated, "In other words, the payment -- the payment can't be, -- it's not subject to bankruptcy."

On January 29, 2019, the Family Court awarded the Plaintiff $227,000.00 in a final divorce order (the "Divorce Order").  Section (J) of the Divorce Order set forth:

> That in order to equalize equitable distribution, Respondent shall pay to the Petitioner the sum of $227,000.00, as follows: $15,000.00 cash within thirty (30) days, payoff of Petitioner's vehicle in the amount of $6,000.00 immediately, and the remaining amount of $206,000.00 shall be paid over a period of 120 months at 5.5% interest, beginning February 2019, by the 15th of each month, in the amount of $2,236.90. This payment shall be deemed a domestic support obligation.

Section (K) of the Divorce Order further set forth, in part, "[a]ccordingly, no award of spousal support shall be made and the parties are forever barred from asserting a claim for spousal support in the future."

On January 4, 2024, the Defendant filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code, along with the required schedules and a plan of reorganization.  The Defendant's plan treated the Plaintiff's claim as a general unsecured debt arising from a divorce proceeding.  The Plaintiff filed Claim No. 12-1 for $155,527.40, listing the basis of the claim as "[e]quitable distribution from divorce."  The Plaintiff did not object to the Defendant's plan. On January 20, 2025, the Court confirmed the Defendant's Chapter 13 plan.  On March 3, 2026, the Plaintiff filed this adversary proceeding through her Complaint seeking to have her claim exempted from discharge under 11 U.S.C. § 523(a)(5) and § 523(a)(15).

### III.     DISCUSSION

The Defendant filed the pending Motion to Dismiss alleging the Plaintiff's Complaint fails to allege sufficient facts that establish the Plaintiff's claim is a non-dischargeable domestic support obligation defined by 11 U.S.C. § 523(a)(5) and § 523(a)(15).  Specifically, the Defendant contends the mere label "domestic support obligation" alone does not automatically render the Plaintiff's claim non-dischargeable and is inconsistent with the parties' intent in the Divorce Order.  Further, the Defendant argues that neither res judicata nor collateral estoppel apply because dischargeability was not litigated by the parties in state court, and dischargeability is determined by bankruptcy law, not state law.  The Plaintiff opposes the Motion to Dismiss and requests Judgment on the Pleadings, arguing that the Plaintiff's claim is a domestic support obligation as a matter of law because the Defendant admitted it was a non-dischargeable domestic support obligation in a hearing before the Family Court.

Here, the Plaintiff's Complaint alleges enough facts to plausibly support a claim under 11 U.S.C. § 523(a)(5) and § 523(a)(15).  First, the Plaintiff's Complaint sufficiently alleges that the Plaintiff's claim is a domestic support obligation under 11 U.S.C. § 523(a)(5).  Second, the Plaintiff's Complaint sufficiently alleges in the alternative that the Plaintiff's Claim is non-dischargeable under 11 U.S.C. § 523(a)(15).  However, there are material facts in dispute and a judgment on the pleadings is not appropriate.

**A.  The Plaintiff's Complaint survives the Defendant's Motion to Dismiss.**

11 U.S.C. § 523(a)(5) excepts from discharge any domestic support obligation.  Domestic support obligation is a term defined by 11 U.S.C. § 101(14A): "a domestic support obligation is defined as a debt owed to a former spouse in the nature of alimony, maintenance, or support of such former spouse established before the petition date of a separation agreement or divorce decree."

The analysis for whether an obligation is alimony, maintenance, or support is fact-specific and the bankruptcy court "must not rely on the label used by the parties or the state court but must look beyond the label to examine whether the debt actually is in the nature of support or alimony." *Lawrence v. Combs (In re Combs)*, 543 B.R. 780, 794 (Bankr. E.D. Va. 2016) (citing *Cummings v. Cummings*, 244 F.3d 1263, 1265 (11th Cir. 2001)).  "The substance of the agreement rather than the terms affixed to it controls the nature of the obligation." *Tilley v. Jessee*, 789 F.2d 1074, 1077 (4th Cir. 1986).  Courts primarily look to the parties' intent in creating a support obligation.  In *in*

*re Bailey*, this Court has previously used the nonexclusive four factored test set forth in *Kettner v. Kettner* to assist in determining whether an obligation is in the nature of alimony, maintenance, or support:

> (1) The actual language and substance of the agreement; (2) the financial situation of the parties at the time of the agreement, including their prospects for future income; (3) the function served by the obligation at the time of the agreement; and (4) whether there is any evidence of overbearing at the time of the agreement that would cause the court to question the intent of a spouse.

*In re Bailey*, No. 09-2564, 2010 WL 4622455 (Bankr. N.D.W. Va. Nov. 4, 2010); *Kettner v. Kettner*, No. CIV.A. 91-587-N, 1991 WL 549386 (E.D. Va. Nov. 19, 1991).

In the alternative, 11 U.S.C. § 523(a)(15) excepts from discharge any debt "to a spouse, former spouse, or child of the debtor and not of the kind described in [§ 523(a)(5)] that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit." When an obligation cannot be exempted under 11 U.S.C. § 523(a)(5), the Bankruptcy Code may still exempt the same obligation under 11 U.S.C. § 523(a)(15). 4 Collier on Bankruptcy P 523.23 (16th 2026).

Here, dismissal is not appropriate because the Plaintiff has plausibly alleged facts supporting non-dischargeability under 11 U.S.C. § 523(a)(5) and § 523(a)(15). First, Count I of the Plaintiff's Complaint alleges the Divorce Order labeled the $227,000.00 owed by the Defendant to the Plaintiff as a domestic support obligation, and therefore, it is non-dischargeable. Although courts look beyond the label to examine whether a debt is a domestic support obligation, the language and substance of the Divorce Order are factors courts consider in determining whether a debt is a domestic support obligation. Accepting the Plaintiff's allegation as true, the Complaint plausibly alleges the parties intended the Plaintiff's claim to be a non-dischargeable domestic support obligation under 11 U.S.C. § 523(a)(5). Dismissal at this stage is premature because determining whether a debt is a domestic support obligation is a fact-intensive inquiry. Accordingly, Count I survives the Defendant's Motion to Dismiss.

Second, Count II of the Plaintiff's Complaint alleges her claim is non-dischargeable because the Divorce Order ordered the Defendant pay the Plaintiff $227,000.00 "in order to equalize equitable distribution" and labeled it "a domestic support obligation." Although the Defendant requests that the Court "dismiss the Complaint in its entirety," he "does not dispute that

the subject claim is the type described under § 523(a)(15)."  Accepting the Plaintiff's allegations as true, the Complaint plausibly alleges the parties intended the Plaintiff's claim to be a non-dischargeable obligation under 11 U.S.C. § 523(a)(15).  Accordingly, Count II survives the Defendant's Motion to Dismiss.

**B. Judgment on the Pleadings is not appropriate because neither *res judicata* nor collateral estoppel apply.**

The Full Faith and Credit Act, 28 U.S.C. § 1738, "requires federal courts to give the same preclusive effect to a state-court judgment as another court of that State would give."  *Donham v. Walters (In re Walters)*, Adv. No. 10-93, 2011 WL 22246166, at *2 (Bankr. N.D.W. Va. June 7, 2011) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005)).  The "preclusion doctrine encompasses two strands: res judicata and collateral estoppel."  *Walters,* 2011 WL 22246166, at *2 (quoting *Sartin v. Macik*, 535 F.3d 284, 287-88 (4th Cir. 2008)).  As the Supreme Court has held, *res judicata* is inapplicable in the bankruptcy non-dischargeability context.  *Brown v. Felson*, 442 U.S. 127, 139 (1979).  In accordance with the Supreme Court in *Felson*, "[A] bankruptcy court is not confined to a review of the judgment and record in the prior state-court proceedings when considering the dischargeability of respondent's debt."  *Id*.  As for the other strand, collateral estoppel or "issue preclusion" prohibits a court from relitigating issues adjudicated with a valid and final order from another court.  *Sartin,* 535 F.3d at 287-88.   Issue preclusion requires "that the first judgment be rendered on the merits and be a final judgment by a court having competent jurisdiction over the subject matter and the parties."  Syl. Pt. 3, *Conley v. Spillers*, 301 S.E.2d 216, 217 (W. Va. 1983).  Specifically, the Supreme Court of Appeals of West Virginia has applied the following test for determining whether collateral estoppel precludes an issue:

> (1) The issue previously decided is identical to the one presented in the action in question; (2) there is a final adjudication on the merits of the prior action; (3) the party against whom the doctrine is invoked was a party or in privity with a party to a prior action; and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

Syl Pt. 1, *State v. Miller*, 459 S.E.2d 114, 117 (1991).  Notably, "a default judgment is equivalent to a final judgment on the merits."  *Stillwell v. City of Wheeling*, 558 S.E.2d 598, 605 (W. Va. 2001).

Whether an obligation is "in the nature of alimony, maintenance, or support," as required for it to qualify as "domestic support obligation" under the Bankruptcy Code, is a question of federal, not state law. *Lawrence*, 543 B.R. at 793. The language used or approved by a state court does not control whether an obligation is non-dischargeable because federal bankruptcy law prevails in determining whether an obligation is alimony, support, or a property settlement. *In re Carbia*, 113 B.R. 761, 763 (Bankr. S.D. Fla. 1990) (citing *In re Basile*, 44 Bankr. 221 (Bankr. M.D. Fla. 1984)); *see also* 1 Collier Family Law and the Bankruptcy Code P 6.04 (2026) ("It is firmly established that a court determining whether an obligation is alimony, maintenance, or support for bankruptcy dischargeability purposes is not bound by the label given to the obligation in the agreement or order that created it"); *see also In re Werthen*, 329 F.3d 269, 273 (1st Cir. 2003) ("The federal courts have been unwilling to treat the label applied by the divorce court as controlling for Bankruptcy Code purposes"). "Parties may not agree in advance, contrary to the provisions of the Bankruptcy Code, that a debt will be non-dischargeable in a bankruptcy case, and, therefore, no method of labeling obligations in an agreement can be used to assure that result." 1 Collier Family Law and the Bankruptcy Code P 6.04 (2026); *see also In re Catron*, 164 B.R. 912 (E.D. Va. 1994), aff'd, 43 F.3d 1465 (4th Cir. 1994) (Finding that although the parties divorce settlement agreement stated the debt was "in the nature of support, alimony, and maintenance" and "exempt from discharge and non-dischargeable in bankruptcy," the bankruptcy court properly conducted an independent analysis to determine dischargeability).

Here, neither *res judicata* nor collateral estoppel apply to this adversary proceeding. *Res judicata* is inapplicable because as explained in *Brown*, res judicata is inapplicable in the bankruptcy non-dischargeability context. Collateral estoppel is inapplicable because the Family Court did not actually litigate or decide the issue presently before this Court, which is whether the Defendant's obligation is dischargeable under 11 U.S.C. § 523(a)(5) and § 523(a)(15). The record reflects that the Family Court proceeding did not make specific factual findings establishing that the obligation was a domestic support obligation and dischargeable under federal bankruptcy law. Instead, the transcript that the Plaintiff included in her response indicates that the parties only stipulated to certain language in the Divorce Order. Specifically, the parties merely agreed to label the debt in the Divorce Order as "a domestic support obligation not dischargeable in bankruptcy." This label does not preclude the Court from determining whether the obligation is non-dischargeable. Rather, the Court must independently evaluate the nature and dischargeability of

the debt under federal bankruptcy law. Accordingly, the issue of dischargeability was not actually litigated in the Family Court proceeding and collateral estoppel does not apply.

The Plaintiff's reliance on *In re Santos* is misplaced. *In re Santos* is distinguishable because the bankruptcy court relied upon the debtor's answer to an adversary complaint that admitted the plaintiff held a domestic support obligation under 11 U.S.C. § 101(14A). *Rannick v. Santos (In re Santos)*, Nos. 1:20-bk-12993-SDR, 1:21-ap-01005-SDR, 2022 Bankr. LEXIS 2649 (Bankr. E.D. Tenn. Sep. 26, 2022). The bankruptcy court found debtor's admission to eliminate any factual dispute on summary judgment regarding the dischargeability of the debt. *Id.* Here, by contrast, the Defendant has made no such admission in this adversary proceeding. Instead, the Plaintiff relies on language included in the parties' Divorce Order and agreed to in the Family Court proceeding. That language is not determinative of dischargeability under federal bankruptcy law.

As set forth above, whether a debt is non-dischargeable under 11 U.S.C. § 523(a)(5) and § 523(a)(15) requires a fact-intensive inquiry into the substance and purpose of the obligation under federal law. Because these pleadings do not establish the obligation is non-dischargeable as a matter of law, the Court cannot resolve dischargeability on the pleadings alone. Therefore, the Court must deny the Plaintiff's Motion for Judgment on the Pleadings.

### C. The Court declines to address timeliness of the Plaintiff's Complaint.

In her Response to the Defendant's Motion to Dismiss, the Plaintiff addresses the timeliness of her Complaint. Specifically, the Plaintiff states that the Plaintiff's counsel inadvertently caused "a two-month delay in the filing of the adversary proceeding." Although never raised by the Defendant in his Motion to Dismiss, the Court is unaware of any basis that the Complaint is untimely. Therefore, it is unnecessary for the Court to rule on the timeliness of the Complaint.

### IV.    CONCLUSION

For the foregoing reasons, the Court finds it appropriate to deny Defendant Eric Stanley Young's Motion to Dismiss and deny Plaintiff Diana Grace Springer's Motion for Judgment on the Pleadings. Consistent with Fed. R. Civ. P. 58, made applicable by Fed. R. Bankr. P. 7058, the Court will enter an order stating as much.